RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 07/20/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRAY JOSEPH FRANCIS | CIVIL ACTION NO. 05-0813 |
| VERSUS | SECTION "P" |
| JAMES COOPER | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by pro se plaintiff, **TRAY JOSEPH FRANCIS**, ("Plaintiff"). This complaint was originally filed in the Middle District of Louisiana, and was transferred to the Western District of Louisiana on May 9, 2005. [Rec. Doc. 3] Plaintiff was granted leave to proceed *in forma pauperis* on June 17, 2005. [Rec. Doc. 6] Plaintiff is currently confined at Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. Plaintiff names James Cooper and Myrina Cooper as defendants.

Plaintiff alleges that he was improperly convicted in a disciplinary proceeding. [Rec. Doc. 1, p.4] He alleges that the reporting person was the wife of defendant James Cooper, and that

he had "an interest" in his disciplinary conviction. Plaintiff seeks to have this conviction overturned. Plaintiff requests relief in the form of a transfer and monetary damages. [Rec. Doc. 1p.5] Plaintiff also alleges that his life is in danger because defendant James Cooper, Assistant Warden, according to Plaintiff has " observed on numerous occasions that Lt. Col. Cooper (came) in front of my cell with hate in his eyes that have (sic) me intimidated by the looks I get from him." [Rec. Doc. 1-3, p.1].

**Frivolity**

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See, 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### Heck v. Humphrey

To the extent plaintiff seeks damages on the basis that his disciplinary action allegedly violated his Constitutional rights, that claim is not cognizable. Under the Fifth Circuit's en banc decision in *Clarke v. Stalder*, 154 F.3d 186 (5th Cir 1998) and the reinstated portions of the original panel opinion, *Clarke v. Stalder*, 121 F.3d 222 (5th Cir. 1997), Plaintiff's claim is clearly barred under the principles articulated by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997).

A claim that effectively attacks the constitutionality of a "conviction"[1] does not accrue until that "conviction" has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Clarke*, 154 F.3d at 189;

---

[1] Prison disciplinary actions are "convictions" for purposes of *Heck*. *Clarke*, 154 F.3d at 189.

*Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996). Unless the plaintiff can prove one of the criteria, his claim is not cognizable and must be dismissed. *Cronn v. Buffington*, 150 F.3d 538 (5th Cir. 1998). Moreover, "if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement" the claim is not cognizable. *Heck*, 114 S.Ct. at 2372.

Moreover, claims challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable until the relevant "conviction" has been reversed, expunged, or otherwise declared invalid if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the disciplinary proceeding. *Clarke*, 154 F.3d at 189-91 citing *Edwards*, 117 S.Ct. at 1588.

Until plaintiff successfully challenges the disciplinary action, he cannot state a claim upon which relief can be granted.

Moreover, any decision by this court regarding the constitutionality of disciplinary action would "necessarily imply" the invalidity of plaintiff's disciplinary punishment. Therefore, until plaintiff demonstrates that the disciplinary action has been invalidated, his claim should be dismissed with prejudice until the requirements of *Heck v. Humphrey*, supra, are met.[2]

---

[2] In *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), District courts are directed to dismiss such claims "with prejudice to their being asserted again until the *Heck* conditions are met."

Accordingly, Plaintiff's claim should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

**TRANSFER**

Prisoners have no constitutional right to incarceration in a particular institution. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum, 427 U.S. 224. A prisoner's liberty interests are sufficiently extinguished by his or her conviction that a state may generally confine or transfer him or her to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)); see also Stewart v. McManus, 924 F.2d 138 (8th Cir.1991) (no due process rights implicated in transfer from state to federal prison). A non-consensual transfer is not per se violative of either due process or equal protection rights, Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir.1975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519; see also Coakley v.

5

Murphy, 884 F.2d 1218, 1221 (9th Cir.1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights). Under the holding of Mikeska, et al. v. Collins, 900 F.2d 833, 836 (5th Cir.1990) there is no Civil Rights violation, when the complaint is based solely on a transfer or lack of a transfer. Plaintiff must demonstrate a significant and purposefully different manner of treatment from other similarly situated prisoners. See also Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), and Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Plaintiff's desire to be transferred to another facility is baseless. Prisoners cannot choose the facility in which they are housed. Plaintiff does not allege facts which implicate 42 U.S.C. §1983. He does not demonstrate that he is significantly and purposefully treated differently from other prisoners in his situation. Therefore, Plaintiff cannot state a constitutional claim regarding his transfer.

### 8th Amendment Excessive Force

To establish a violation of the Eighth Amendment, Plaintiff must demonstrate (1) "the objective component of conditions 'so serious as to deprive [him] of the minimal measure of life's necessities as when it denies the prisoner some basic human need[,]" ' ... and (2) the subjective component, *i.e.*, "the prisoner must establish that the responsible prison officials acted with deliberate indifference

6

to his [health or safety]." Harper v. Showers, 174 F.3d at 720 (quoting Woods v. Edwards, 51 F.3d at 581 (internal quotation omitted)) (footnotes omitted). In addition, "[u]nder [42 U.S.C.] §§ 1997e(e), '[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury,' " Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir.2003). "The " 'physical injury' required by §§ 1997e(e) 'must be more than de minimus [*sic* ], but need not be significant." ' *Id.* (quoting Harper v. Showers, 174 F.3d at 719 (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997))) (alteration in the original). "[W]ithout this *de minimis* threshold, every 'least touching' of a [prisoner] would give rise to section 1983 liability.... Not only would such a rule swamp the federal courts with questionable excessive force claims, it would also constitute an unwarranted assumption of federal judicial authority to scrutinize the minutiae of state detention activities." Riley v. Dorton, 115 F.3d 1159, 1167 (5th Cir.1997).

Plaintiff has not alleged any harm other than Plaintiff's observation that "on numerous occasions. . . Lt. Col. Cooper (came) in front of my cell with hate in his eyes that have (sic) me intimidated by the looks I get from him." Plaintiff's feelings of intimidation from an assistant Warden of the prison in which he is incarcerated do not amount to an Eight Amendment claim. There is

7

no physical injury, therefore this claim should be dismissed as frivolous.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's challenge to his disciplinary conviction be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii) until the *Heck* conditions are satisfied.

**IT IS FURTHER RECOMMENDED** that the remainder of Plaintiff's claims be be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District**

Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE